UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PC Acquisition, LLC, *et al.,*[1]

    Debtors.
_____/

Chapter 11
Case No. 16-53191
(Jointly Administered)
Hon. Phillip J. Shefferly

**ORDER DENYING PRELIMINARY APPROVAL OF DISCLOSURE
STATEMENT AND SETTING DEADLINE FOR DEBTORS TO FILE
AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT**

On September 25, 2016, the five Debtors in these jointly administered Chapter 11 cases each filed a Chapter 11 petition. On October 17, 2016, the Court entered an order directing the joint administration of these cases. On October 31, 2016, the Court entered a Chapter 11 case management order ("Case Management Order") (ECF No. 70). The Case Management Order set a deadline for the Debtors to file a combined plan of reorganization and disclosure statement, and explained that when the Debtors file a combined plan and disclosure statement, the Court will consider whether to grant it preliminary approval. The Case Management Order further explained that "preliminary approval will be granted only to a disclosure statement that contains the information required in the 'Requirements for Information to Include in the Combined Plan and Disclosure Statement'" that are posted on the Court's website ("Requirements"). At the Debtors' request, the Court extended the deadline for the Debtors to file a combined plan and disclosure

---

[1] The Debtors in these jointly administered cases are: PC Acquisition, LLC (case no. 16-53191); Battle Creek Realty, LLC (case no. 16-53192); St. John/Battle Creek Owner, LLC (case no. 16-53193); Denmark Management Company (case no. 16-53194); and Denmark Services, LLC (case no. 16-53195).

statement until April 30, 2017. On that day, the Debtors timely filed a combined plan and disclosure statement (ECF No. 158). The Court has reviewed the Debtors' combined plan and disclosure statement to determine whether to grant it preliminary approval.

Section 1125(a)(1) of the Bankruptcy Code governs disclosure statements and requires that a disclosure statement contain information of a kind and in sufficient detail to enable creditors to make an informed judgment about a proposed plan of reorganization. The Requirements are designed to assist a debtor in developing adequate information within the meaning of § 1125(a)(1). By adopting a fast track procedure for a combined plan and disclosure statement, the Court intends to eliminate unnecessary delay and minimize the costs of litigation concerning the adequacy of disclosure statements. Nonetheless, even preliminary approval of a disclosure statement requires enough basic information to enable creditors to make an informed judgment about a proposed plan. For the following reasons, the Debtors' disclosure statement does not meet that standard.

First, although the Court has ordered the joint administration of these cases, it has not ordered substantive consolidation, nor has it been requested to do so. However, there are multiple instances in the Debtors' plan and disclosure statement that suggest that the Debtors are in some respects treating their cases as substantively consolidated. For example, Class XII states that "This Class consists of the Holders of Allowed Unsecured Claims." It then goes on to provide that the treatment for Class XII creditors consists of a "pro rata distribution incident to its allowed general unsecured claim based on one payment each year by or on behalf of the Debtors . . ." Apparently, Class XII includes all general unsecured claims against all of the Debtors, as it does not seem to make any distinction among them. Nor does it explain whether the "one payment each year" is made by one or all of the Debtors, and if the payment is made by more than one Debtor, the plan and disclosure statement do not explain which Debtor makes the payment. It appears that the Debtors

just lumped all of their unsecured claims together and proposed a payment amount for them without explaining which Debtor or Debtors will be responsible for such payments. Whether intentional or not, this description of Class XII and the proposed treatment of Class XII suggest that the Debtors are treating their cases as substantively consolidated.

Similarly, the plan and disclosure statement explain (page 34) that after confirmation of the plan, D. Mark Krueger, the principal of the Debtors, will receive a salary of $150,000.00 and health insurance benefits without indicating which of the Debtors will be responsible for paying his salary and health insurance benefits. Again, the impression the Debtors create is that the Debtors are treating their cases as substantively consolidated.

Another example of the Debtors' lumping together their cases is in the proposed "Equity Auction" (page 17), in which the Debtors indicate that if they are not successful in gaining the acceptance of Class XII, and are thereby unable to comply with the absolute priority rule, the Debtors intend to sell all of their "equity interests" in an auction beginning with a bid of $25,000.00. Aside from the fact that the plan and disclosure statement do not provide any explanation for this figure, and aside from other potential infirmities of this equity auction, the point here is that the $25,000.00 appears to be for the equity interests in all of the Debtors, again suggesting that the Debtors are treating their cases as substantively consolidated.

Finally, the Debtors' plan and disclosure statement estimate an administrative expense claim owing to the Debtors' attorney of $150,000.00 (page 42), but do not explain for which Debtor these fees were incurred and which Debtor or Debtors will be responsible for payment.

Second, the Debtors attach a liquidation analysis to their plan and disclosure statement as exhibit A. It lists the Debtors' assets and states a "market value" and a "liquidation value" for each asset, together with the amount and holder of each secured claim. The Requirements expressly state

in section IV.B. that a liquidation analysis must "state the risks, conditions and assumptions regarding the stated values." All that the Debtors' liquidation analysis states is that the values contained in the liquidation analysis are "based on good faith estimates using information currently available to the Debtors," and are "reasonable estimates of the values as carried on the Debtors' books and records" (page 40). Those are conclusory statements that tell the reader nothing about the stated values. The Debtors' disclosure statement does not even indicate who made these good faith or reasonable estimates, let alone what they looked at to make these estimates, and whether they have any corroborating information to support these estimates.

Third, the Requirements expressly state in section V.A.3. that if the plan proposes that the Debtors will continue in business, the disclosure statement must contain "projections for the period of the plan, together with assumptions underlying those projections." Exhibit E to the Debtors' plan and disclosure statement consists of projections for the post-confirmation operations of the Debtors. But it does not state any assumptions that underlie those projections. It just lists income and expenses on line items without any explanation of them. That deficiency is especially problematic for the Debtors because the Debtors explain in their plan and disclosure statement (page 36) that one of the causes for the Debtors having to file their Chapter 11 cases was that a number of the Debtors' mobile home communities experienced "lower than expected occupancy, thereby negatively affecting cash flow and ability to make debt service payments." The Debtors' projections provide no information about projected occupancy going forward. Is it higher or lower? If there is a projected change in occupancy, what information is it based on? The projected occupancy is not the only line item without any explanation. None of the line items of income and expenses are accompanied by any explanation of the assumptions that the Debtors made in assembling these


- 4 -

16-53191-pjs    Doc 159    Filed 05/05/17    Entered 05/08/17 06:55:26    Page 4 of 6

projections. There is simply no way that a reader of these projections can make an informed judgment about whether the projections are realistic or not.

Also, the Debtors' projections do not indicate that any of the Debtors will be making the payments to the unsecured claims in Class XII.

As noted earlier, the Court allows the fast track procedure to obtain preliminary approval of a disclosure statement to avoid unnecessary litigation that can bog down a Chapter 11 case. But the Court sets the minimal Requirements for preliminary approval to ensure that a creditor voting on a plan can do so intelligently, with enough information to make an informed judgment. The Debtors' plan and disclosure statement do not meet those minimal Requirements. The Debtors' plan and disclosure statement do not have enough meaningful information to permit a creditor to make an informed judgment either about how these Debtors got into their Chapter 11 cases or how they are going to be able to make their proposed plan payments if their plan should get confirmed. Therefore, the Court will deny preliminary approval and set a deadline for the Debtors to file an amended combined plan and disclosure statement that provides enough information for a creditor or other party in interest to vote intelligently on the Debtors' plan. Accordingly,

**IT IS HEREBY ORDERED** that the Court denies preliminary approval of the Debtors' disclosure statement.

**IT IS FURTHER ORDERED** that the Debtors are permitted until **May 19, 2017** to file an amended combined plan and disclosure statement that addresses the deficiencies in this order, complies with the Requirements, and provides the adequate information that § 1125(a)(1) of the Bankruptcy Code mandates.

**IT IS FURTHER ORDERED** that if the Debtors timely file an amended combined plan and disclosure statement that complies with this order, the Court will enter an order granting it

preliminary approval and providing for a schedule for further proceedings consistent with the Court's ordinary practice.

**IT IS FURTHER ORDERED** that if the Debtors fail to timely file an amended combined plan and disclosure statement that complies with this order, the Court will enter an order scheduling a hearing to determine further proceedings in these Chapter 11 cases.

.

**Signed on May 05, 2017**

```
                                        /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```